### KOUNTZE BROS. V. BONNER & BONNER ET AL.

#### No. 990.

**1.  Pledge—Right of Pledgor to Redeem and to Have Account Stated.**

The pledgor in an action against him to enforce the pledge, has the right to maintain a cross-action to redeem the pledged property upon tendering the balance due, and, where it may be necessary, to have an account stated, in order to ascertain such balance.

**2.  Pleading—Itemized Statement Necessary, When.**

Plaintiffs pleaded as a charge against defendant certain expenses incurred by plaintiffs, but failed to give an itemized statement thereof, alleging that they could not give a more detailed statement of such expenditures, but showing no reason why they could not do so. Held, that the defendants' special exception to the allegation of such expenses was properly sustained, since, if plaintiff could have proven them, they were necessarily in a position to give a specific statement of them.

**3.  Lis Pendens—Garnishment Pending in Another State.**

In an action to enforce a lien upon property pledged to plaintiff by defendant, defendant answered claiming that it was entitled to have certain moneys in plaintiff's hands credited upon the debt due, and plaintiff replied that such money had been garnished by another creditor of defendant, and that such garnishment was pending in another State, where plaintiff resided. Held, that it was error to disregard the plea, and to render judgment crediting defendant with the money so garnished.

APPEAL from Smith.  Tried below before Hon. FELIX J. McCORD.

*W. S. Herndon, J. M. Herndon* and *B. B. Cain,* for appellants—1.  The court erred in overruling plaintiffs' general demurrer to the first amended original answer of defendants, Bonner & Bonner, because said answer

seeks an accounting on a certain $15,000 note held by plaintiffs and not sued on in this suit, which note defendants admit in their said answer is still unsatisfied, and no allegations are made showing grounds which entitle them to an accounting in this sui⊥

2. The pendency of a suit between the same parties for the same cause of action or relief is ground for the abatement of a subsequent suit, and when plaintiffs showed the court that there was another suit pending wherein a judgment had already been rendered and not then set aside, no further action should have been taken.    8 Am. & Eng. Ency. Law, 549, and authorities cited in note 1; Rev. Stats., art. 1265; Hays v. Stewart, 8 Texas, 358; Langham v. Thomason, 5 Texas, 127.

3. The plaintiffs' demand is purely an action in rem, while the defense is an action in personam, and therefore in an entirely different right.    Hahn v. Cook, 1 White & W. C. C., sec. 189; Hanchett v. Gray, 7 Texas, 549; Henderson v. Gilliam, 12 Texas, 71; Hamilton v. Van Hook, 26 Texas, 302.

*Whitaker & Bonner*, for appellees.—1. Kountze Bros., the pledgees, having brought suit against Bonner & Bonner, the pledgors, affecting the debt and pledge to secure the same, Bonner & Bonner had a right to plead their credit and have an accounting with Kountze Bros., and to have a redemption of the pledges upon satisfaction of the amount due, which the pledges were given to secure.    18 Am. & Eng. Ency. of Law, 722; Jones on Pledges, sec. 684.

2. It appearing from the attachment proceedings in evidence from the State of New York, that prior to the service of same on plaintiffs, they had exercised their right to apply any balance remaining in their hands to the extinguishment of the indebtedness of Bonner & Bonner, there was nothing in their hands belonging to defendants, and that court did not acquire jurisdiction over either the persons or property of defendants.

WILLIAMS, ASSOCIATE JUSTICE.—J. H. Brown & Co., on July 22, 1891, executed to Bonner & Bonner their note for $10,000, and, as collateral security for it, assigned to Bonner & Bonner a certificate for one hundred shares of the capital stock of the Texas Consolidated Compress and Manufacturing Company.    On the .. day of August, 1891, Bonner & Bonner executed to appellants their note for $15,000, and, in order to secure its payment, endorsed and pledged to appellants the note of Brown & Co., with the stock by which it was secured, and also three other notes, one of John Durst, one of M. Rosenfield, and one of the Tyler Car and Lumber Co.    Bonner & Bonner failed and made an assignment on the 14th day of November, 1891. Prior to the institution of this suit, appellants had sued and recovered judgment against Brown & Co., as makers, and Bonner & Bonner, as endorsers of the $10,000 note, in which no notice had been taken of the stock by which it was secured.    This suit was therefore brought in 1892 by appellants against Brown & Co. and

Bonner & Bonner and the Compress and Manufacturing Company to secure a foreclosure of their lien on the stock and a sale of it to pay the judgment on the note.

Various answers were filed, but this appeal involves only the questions arising out of the pleadings of Bonner & Bonner. Their answer alleged the transactions already stated, and sought an accounting with appellants. It averred that, on the note of the Tyler Car and Lumber Company, appellants had received $3,990, and that on the notes of Durst and Rosenfield they had recovered judgments; that at the time of their (Bonner & Bonner's) failure, appellants had in their hands a balance of $8,019.29, which they had applied as a credit on the $15,000 note; and that appellants had received from the sale of other securities in their hands belonging to appellees the further sum of $1,402.45, and that there remained of their indebtedness to appellants only the sum of $1,734.30. This amount they offered, in their pleading, to pay, and they prayed for judgment allowing credits and ascertaining balance due appellants, and adjudging to them, upon its payment, the securities remaining in appellants' hands. Appellants filed exceptions to this pleading, which were overruled. In reply, they admitted two of the credits claimed, but set up expenses incurred in realizing upon collaterals held by them to secure other debts than the $15,000, owing to them from Bonner & Bonner at the time of the failure of that firm. They also admitted that at the time of such failure they had on deposit a balance belonging to Bonner & Bonner which they had undertaken, on November 16, 1891, to apply on the $15,-000 note then not due; but that, on that day, they had been served in New York City, where they resided, with an attachment, sued out there by a bank of Dallas, Texas, against Bonner & Bonner for $9,000, whereby that fund and all other property held by them, belonging to Bonner & Bonner, was attached and garnisheed in their hands, and that they had answered, stating the facts, and that this suit was pending, undetermined, and the plaintiff therein was claiming a prior right to the fund under their attachment. They asked that the bank, the plaintiff in that suit, be made a party to this action, and that the cause be continued for that purpose. When the case was called for trial, they set up substantially the same facts in a showing for continuance, which was overruled. During the trial, the facts, as thus stated, appeared. Judgment was rendered in which the $8,019.29, which was on deposit with appellants, and the other amounts above stated, were applied as payments on the $15,000 note, and a balance was established, to pay which the lien on the stock was foreclosed and a sale of it was ordered to pay the amount thus found due to appellants, upon payment of which, any balance of the proceeds of such sale and the other collaterals were adjudged to belong to Bonner & Bonner.

We are of the opinion that the court properly overruled appellants' exceptions which questioned the right of Bonner & Bonner to interpose the pleading which they did. They had the right, which every pledgor has, to maintain a suit to redeem the pledged property upon tendering

the balance due, and, if necessary, to have an account stated in order to ascertain the balance due upon the debt secured by the pledge. 3 Pomeroy's Eq., 1231. As they could have maintained an independent suit, they could set up their rights, by affirmative pleading, in this suit in which all of the parties were before the court litigating about one of the pieces of property which was pledged. But, in so doing, they became, in effect, actors in a cross-action. The facts pleaded by them were not a defense to the plaintiffs' suit, there being unpaid a balance of the secured debt, to collect which the creditor had the right to pursue the security. The judgment on the Brown note against Bonner & Bonner, as endorsers thereon, was not a bar to the matters pleaded by them in this suit. That note was only collateral security for the $15,000 note, and the judgment on it retained that character and secured only the payment of such balance as remained unpaid of the last named note. What the balance was, remained undetermined by any judgment, and could be ascertained in this suit.

The court did not err in sustaining exceptions to the allegations concerning expenses incurred in utilizing other collaterals held for other indebtedness of Bonner & Bonner to Kountze Bros. The allegations were too general, in failing to give an itemized statement of the expenditures, and the exception was directed at this defect. While there is an allegation that plaintiffs could not give a more detailed statement of the expenses, no reason is shown why they could not, and the claim is of such a nature that, if they could have proven it, they were necessarily in a position to give a better statement than they gave.

But we are of the opinion that it was wrong to force appellants to a trial, and to render judgment, applying absolutely as a payment by Bonner & Bonner, the sum sought to be reached in their hands by the attachment in New York. As we have stated, by their pleading Bonner & Bonner became the actors seeking a final accounting with appellants and a redemption of their pledge. It seems plain that, in order to entitle them to maintain this action, they must show themselves in a position to have a definite and final settlement with appellants. They are entitled to one of the credits allowed them by the judgment of the court below only in the event appellants are allowed by the court, before which the attachment proceeding is pending, to retain the money as such payment. Appellants are within the jurisdiction of that court, and will be bound by any judgment it may render upon the issue between them and the attaching creditor. Should that court hold that the right of the latter is the superior one, the money, which by the judgment in this case has been passed to the credit of Bonner & Bonner, will be taken from appellants and applied to the payment of another debt of the same parties. Appellants will be bound by both judgments. Have Bonner & Bonner the right to impose such a risk on their creditors? We think not. If appellants had been simply debtors of Bonner & Bonner when the attachment was served, and were subsequently sued in another jurisdiction by Bonner & Bonner, no court would refuse to protect them against the

double liability thus threatened.   In some States the suit of the creditor whose debt was attacked would be abated.   In others the cause would be continued, and, in still others, judgment would be suspended until the garnishment proceeding had been disposed of.   Drake on Attachment, 700-703, and authorities cited;   Insurance Co. v. Bank, 3 Texas Civ. App., 293, and cases cited.

The attitude of Bonner & Bonner here is substantially the same as it would be in the case supposed.   An apparent difference is, that in the case supposed, there would be an acknowledged debt reached by the garnishment, while here the claim is that the credit in appellants' hands had been applied as a payment on their note against Bonner & Bonner, and hence the writ fixed upon nothing.   But whether or not the fund had passed beyond the reach of the writ is a question which can be decided by the court having control of that case, and that court, upon a trial before it, may, either upon a different state of facts from that before this court, or upon a different view of the law of New York from that which this court would take, charge appellants with the fund under the attachment.   Its judgment would bind them, and they would be required to yield up to another creditor of Bonner & Bonner a fund which they had already paid to them under the judgment in this case.   It is no answer to say that appellants have themselves applied the fund, and allowed it as a payment, and that the judgment only holds them bound by their own act.   The credit given by them to Bonner & Bonner is provisional only, subject to the decision of the claim of the attaching creditor, while the judgment makes it absolute and irrevocable.   As Bonner & Bonner came into court seeking equitable relief, they should not be allowed the relief asked for until they have put it in the power of the court to grant it without having their adversary exposed to such risk.   We will not indicate in advance what course the parties shall take, but leave them to determine it as they may consider best.

Reversed and remanded.                    *Reversed and remanded.*

Delivered January 30, 1896.