## SAN ANGELO HILTON HOTEL CO. v. B. B. HAIL BLDG. CORPORATION.

### No. 7962.

Court of Civil Appeals of Texas. Austin.
May 17, 1933.

Rehearing Denied June 7, 1933.

Rice, Hyman & Suggs, of Dallas, and Robert P. Brown, C. H. Tupper, Jr., and W. H. Lipscomb, all of San Angelo, for appellant.

Upton & Upton and Charles Russell, all of San Angelo, for appellee.

BLAIR, Justice.

This is an appeal from an order overruling appellant's motion to vacate a previous order appointing on ex parte hearing a receiver to take charge of all "the property of the defendant, San Angelo Hilton Hotel Company, of every description, including the leasehold on what is known as the Hilton Hotel situated at the corner of East Twohig Avenue and South Oakes Street in the city of San Angelo, together with all personal property, including all furniture, furnishings, fixtures and equipment used in and about said hotel property, together with all books and accounts and paraphernalia of every kind and character used in connection with and belonging to said hotel, with full authority to carry on and conduct the business of such company in the running and operating of said hotel and to receive all rents and to collect any and all monies due said company by virtue of the operation of said hotel and to generally manage said hotel business and to operate same."

The receivership arose as follows: Appellee B. B. Hail Building Corporation sued appellant, San Angelo Hilton Hotel Company, a corporation, and others, alleging that appellee on or about July 14, 1928, entered into a contract with C. N. Hilton and John Guitar, acting for and on behalf of appellant, San Angelo Hilton Hotel Company, by the terms of which appellee was to erect a hotel building in the city of San Angelo, and was to lease said building to appellant hotel company for a term of 15 years; that the rental for the use of the building was to be secured by all of the furniture and fixtures placed in the building by appellant, and was to be of the value of $100,000, and that an express con-

tract or mortgage lien, as well as the statutory landlord's lien, was given on said furniture and fixtures to secure the rentals as well as the performance of all of the terms and conditions of the lease contract, which further stipulated that the furniture and fixtures should be free from all liens and incumbrances; that the hotel building was completed and possession taken by appellant under an agreed rental contract beginning June 1, 1929, for a period of 15 years, the monthly rental to be $6,166, payable in advance, and that the appellant has continued to occupy and use the building since June 1, 1929, and was so using it on the date the suit was filed; that the appellant hotel company has breached and violated the terms and conditions of its lease contract as follows:

(1) That it had not paid the rents as agreed, and that there was due on January 1, 1933, the sum of $52,833.22, as past-due rental.

(2) That appellant hotel company had attempted to assign the lease contrary to the provisions thereof; that it had attempted to incumber the furniture and fixtures in said hotel building contrary to the provisions of the lease agreement; and that it had so attempted to incumber same as security for debts not owing by it, but which were in fact owing by its codefendants named in the petition.

(3) That the said appellant hotel company was hopelessly insolvent; that it has ceased to pay its debts in regular course of business; that, while the furniture, fixtures, and equipment were sufficient for hotel purposes, the actual cash market value thereof did not exceed $25,000, and that said appellant was so using, and would continue to use, the furniture and fixtures in said hotel, so that the same would be materially injured to the detriment of the B. B. Hail Building Company; and that the value of the assets of the Hilton Hotel was far less than the amount of its liability to appellee.

(4) That said hotel business could be operated so as to pay all of its obligations and liabilities, but that appellant was mismanaging and so operating same as to not pay its obligations, and had ceased to pay its debts in the regular course of business, and was insolvent; that the property covered by appellee's lease was daily deteriorating in value, and was in danger of being materially injured; and that to close the hotel and cease to operate would greatly injure said property; and that, in order to protect appellee's rights and to preserve and hold intact all of said property and the proceeds of said hotel as a going business, it was necessary that a receiver be appointed to take charge of said hotel premises and to continue running and operation of said hotel; and that it would greatly damage appellee for the hotel to be closed.

The prayer was for the appointment of a receiver and for judgment for the amount of its debt and foreclosure of lien on all of the furniture and fixtures located in the hotel building. The petition was duly verified as follows: "I, B. B. Hail, President of the B. B. Hail Building Corporation, do swear that the allegations of fact set out in the above and foregoing petition are true".

Appellant filed its amended motion to vacate the receivership upon two grounds, as follows:

(1) Because appellee, B. B. Hail Building Corporation, had prior to the suit assigned all of the rents and revenues arising from the lease contract with appellant corporation to Orville Grove and the Mississippi Valley Trust Company, trustee, to secure an indebtedness owed them by appellee, B. B. Hail Building Company; and that therefore appellant owed appellee nothing for rentals on the date the suit was filed, but under the terms of the assignment contract it owed such rentals to Orville Grove and Mississippi Valley Trust Company, who were demanding payment of such rentals by virtue of their said assignment contract.

(2) That the court should vacate the appointment of C. C. McBurnett as receiver, because he was disqualified, in that he was alleged to be an interested person in the litigation, because he was interested in the management and control of the St. Angelus Hotel in San Angelo, a competitor of the appellant, San Angelo Hilton Hotel; and that he was either a part owner, or lessee, of the St. Angelus Hotel property; and that he was the son-in-law of a part owner of the St. Angelus Hotel property; and that the receiver was therefore not a disinterested person, but was disqualified from acting as receiver of the Hilton Hotel property.

To this motion appellee addressed a general demurrer, which was sustained by the trial court, and, upon appellant's refusal to amend, appellant's motion was dismissed, the court entering the following order: "On this the 24th day of February, 1933, came on to be heard the amended motion of San Angelo Hilton Hotel Company, defendant, to vacate the receivership heretofore granted herein; whereupon plaintiff, B. B. Hail Building Corporation, presented to the court its general demurrer to such amended motion to vacate, and, the same being considered, it is ordered, adjudged and decreed that such general demurrer be and the same is hereby sustained, and San Angelo Hilton Hotel Company having declined to amend, it is ordered that its original motion and amended motion to vacate such receivership be, and the same is, hereby dismissed,—to which action of the court, San Angelo Hilton Hotel Company then and there, in open court, duly excepted and gave due notice of appeal to the proper court of Civil Appeals."

As preliminary, appellee contends that the order quoted is not a final appealable order under the provisions of article 2250, R. S. 1925, which provides that an appeal may be taken from an interlocutory order, "1. Appointing a receiver or trustee in any cause. 2. Overruling a motion to vacate an order appointing a receiver or trustee in any case."

The contention of appellee is that the mere sustaining of a general demurrer to appellant's motion to vacate did not finally dispose of the motion, but that appellant would be entitled to amend its motion so as to comply with the order of the court; and was therefore not a final disposition of the motion. Appellee cites no authority in point on this proposition, and admits that it has none dealing directly with the question.

Appellee simply answered the motion to vacate by a general demurrer based on matters of law, the effect of which was to admit its allegations of fact; that is, by filing the general demurrer appellee contended that, if all of the facts alleged in the motion to vacate were admitted to be true, still the motion alleges no fact or facts upon which the receivership should be vacated. With the issue thus presented, we think that the action of the trial court in sustaining the demurrer and dismissing the motion, upon appellant's refusal to amend, constituted a refusal or denial of the motion to vacate the receivership as prayed, and from which order an appeal may be taken under the provisions of subdivision 2 of article 2250, R. S. 1925, supra.

Passing to the merits of the case, we have reached the conclusion that the trial court did not err in sustaining the general demurrer to appellant's motion to vacate the receivership. It is apparent from the record and the contentions of appellee that the trial court based its order appointing the receiver upon subdivisions 1, 2, and 3 of article 2293, R. S. 1925, the pertinent portions of which read as follows:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in, the following cases:

"1. In an action by * * * a creditor to subject any property or fund to his claim; * * * or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

"3. In cases where a corporation is insolvent or in imminent danger of insolvency. * * * *"

Appellant contends that, since the demurrer admitted the facts alleged in the motion to vacate the receivership, and that since the facts so alleged show that, prior to the institution of the suit by appellee for the rentals, it had assigned them to the trustees of the mortgage indenture, they alone had the right to sue for such rentals and to foreclose the liens securing them; and that, since appellee had no interest in the rentals, it could not sue for them, and in consequence the receivership should have been vacated. The terms of the assignment of the rentals, as contained in the mortgage indenture between appellee and the trustees aforementiond, were quoted in appellant's motion to vacate the receivership. In brief, they show that appellee had mortgaged the hotel building in question to the trustees named as security for certain bonded indebtedness; that to better secure the indebtedness appellee assigned all future lease contracts on the building and the rentals due thereunder to said trustees, as pledges or collateral security for the payment of the annual installments of principal due on the bonds, and the semiannual installments of interest due under the terms of the mortgage indenture. These assignment agreements further specifically provided the particular contingencies upon which the trustees might be authorized to collect the rentals so assigned, but that, until such contingencies occurred, appellee had the right to collect the rentals without accounting therefor to said trustees. It was further alleged in the motion to vacate that the contingencies had occurred which vested the exclusive right in the trustees to collect the rentals so assigned, and that they were demanding same in accordance with the terms of the assignment agreements.

If it be conceded that these facts show an exclusive right in the trustees to sue for or collect the rentals and to foreclose the liens securing them, it is manifest that such a holding will only dispose of one of the grounds upon which the receivership was granted, namely, "in an action by a mortgagee for the foreclosure of his mortgage," etc., as provided for in subdivision 2 of article 2293, supra. And appellant alleged no fact or facts in its motion to vacate the receivership which in any manner contravened the right of appellee to the receivership of the leasehold under the other allegations of its petition and prayer therefor.

It is clear that the mere right to sue for the rentals and to foreclose the liens securing them was not the only ground upon which appellee sought and obtained the receivership of the hotel property. Nor did appellee by merely assigning the rental contracts as pledges for debt part with its general prop-

erty right in the leasehold nor in the hotel building. In 21 R. C. L. 649, § 15, the rule controlling this question is stated as follows: "With regard to the respective rights of the parties to a contract of pledge it is well settled that the general property in the thing pledged remains in the pledgor, and only a special property vests in the pledgee."

Such has been the rule in Texas since the earliest decision on the question. Luckett v. Townsend, 3 Tex. 119, 49 Am. Dec. 723; Hudson v. Wilkinson, 45 Tex. 444; Kountze Bros. v. Bonner, 12 Tex. Civ. App. 131, 34 S. W. 163.

Since appellee merely assigned the rentals or rental contracts between itself and appellant on the building as pledges or collateral security, it clearly had the right as owner of the general property in the leasehold and as owner of the hotel building to have a receiver appointed to take charge of the leasehold property because of the breaches of the lease contract alleged by virtue of subdivisions 1 and 3 of article 2293, supra. Appellee alleged that appellant was not paying its rentals; that it was renting portions of the building for purposes contrary to the lease agreement; that it was attempting to assign the lease and to mortgage the furniture and fixtures contrary to the lease provisions; that it was mismanaging the property and operating the lease at a loss, whereas it could be operated at a profit; that it was an insolvent corporation, in that it had ceased to pay its obligations in the regular course of business; that, because of appellant's insolvency, the hotel was in danger of being closed, which would greatly injure the property; that the mortgaged property was insufficient to pay the debts of appellant; that appellant was so using same as to materially injure it; and that the appointment of a receiver was necessary to take charge of the property, including the leasehold, and to continue the operation of the hotel business in order to protect the property. These allegations of fact bring the case within subdivision 1 of article 2293, which provides for the appointment of a receiver in action between parties "jointly owning or interested in any property * * * where it is shown that the property * * * is in danger of being * * * materially injured." The allegations of fact also bring the case within subdivision 3 of article 2293, which provides that a receiver may be appointed "in cases where a corporation is insolvent or in imminent danger of insolvency."

Nor do we sustain appellant's contention in this connection that appellee alleged no cause of action, independent of its suit for rentals, to which the receivership was ancillary; and that insolvency, or imminent danger of insolvency, does not of itself constitute a cause of action, to which may be appended the ancillary remedy of receivership. The facts alleged and as hereinabove detailed show appellee to be the owner of the general property in the leasehold and the hotel company itself, that the parties are jointly interested in the same, and that the same is in danger of injury because of the breaches of the lease contract and because of the insolvency of appellant, the lessee. The receivership was necessary to protect the leasehold and the hotel property itself from the injuries alleged, and the receivership is ancillary to the suit for breaches of the contract alleged.

■■ Appellant did not appeal from the order appointing the receiver, but filed its motion to vacate, and by so doing it waived the defect, if any, incident to the appointment of the receiver without notice; the petition, under our above holding, being sufficient to authorize the trial judge to appoint the receiver. Grace v. Buhrman-Pharr Hdw. Co. (Tex. Civ. App.) 45 S.W.(2d) 401; Bingham v. Graham (Tex. Civ. App.) 220 S. W. 105; and Cotton v. Rand (Tex. Civ. App.) 92 S. W. 266, 268. And especially do we think the order appointing the receiver should not be disturbed, when the allegations of the petition are viewed in the light of the rule that "the appointment of a receiver is largely a matter of discretion of the trial judge." Berkshire Corp. v. Moore (Tex. Civ. App.) 268 S. W. 484, 486; Friedman Oil Corp. v. Brown (Tex. Civ. App.) 50 S.W.(2d) 471, 472.

■ Nor do we sustain appellant's contention that the verification of appellee's petition is insufficient. Appellant swears that "the allegations of fact set out in the above and foregoing petition are true." The cases cited by appellant to the effect that verification upon information and belief is insufficient are not in point. The affidavit in the instant case is that the facts alleged are true, and it is sufficient and furnishes no ground for the contention that affiant could not have known them to be true.

■ Nor do we sustain the remaining contention of appellant that the facts alleged in its motion to vacate showed C. C. McBurnett, the receiver appointed, to be disqualified. The facts alleged are that, because the receiver is interested in or operates a hotel which is alleged to be in competition with the appellant hotel, he is therefore disqualified. These facts do not show the receiver to be interested "in the action for the appointment of a receiver" herein, which is the statutory test of disqualification of a receiver. Article 2294, R. S. 1925.

The judgment or order appealed from is affirmed.

**Affirmed.**