STATE *ex rel.* NORFLEET *v.* SWAFFORD, WARDEN

STATE *ex rel.* BEARD *v.* SAME

(*Nashville,* December Term, 1946.)

Opinion filed February 1, 1947.

HAM PATTERSON and HARRY JAMERSON, both of Memphis, for Beard and Norfleet.

NAT TIPTON, Assistant Attorney General, for Warden.

MR. SPECIAL JUSTICE NORMAN FARRELL delivered the opinion of the Court.*

These two cases were heard together by consent of counsel. They are *habeas corpus* proceedings brought in the Circuit Court of Davidson County, by which the relators seek their release from the custody of the warden upon the ground that they were sentenced under void indictments.

The Circuit Court dismissed both petitions and relators bring their cases here for review.

Not only are the facts in both cases the same, but they are undisputed.

The relators were arrested September 5, 7, 1938, charged with the robbery of certain persons on the night of September 3, 1938, in the City of Memphis. On the 27th of the same month joint indictments were returned against both by the Grand Jury of Shelby County, charging them with the commission of said robberies. On the same day each relator was likewise indicted for carrying a pistol.

Later, the attention of the Criminal Court judge was called to the fact that each defendant was probably under

*Sitting for Chief Justice Green.

the age of 17 at the time of the commission of the alleged offenses and upon investigation he ascertained such to be the fact and thereupon transferred the cases to the Juvenile Court of Shelby County for further proceedings.

In the Juvenile Court a hearing was had and the judge of that court found both defendants were incorrigible and dangerous to the welfare of the community, and accordingly remanded them to the Criminal Court to be there tried for their offenses in the same manner as if they had been 17 years of age when their said offenses were committed.

Upon such remand, the relators were arraigned upon the original indictments and were both represented by counsel. No exception was taken to the indictments by pleas in abatement, or otherwise, and both defendants pleaded guilty and were sentenced.

The contention of the relators is that a hearing before the Juvenile Court should have preceded any action by the Grand Jury and they allege that the indictments in question under which they were tried and sentenced were nullities and all proceedings thereunder were void. Relators insist that the Juvenile Court had not surrendered the jurisdiction conferred it by law, at the time of the return of the indictments, and that said Juvenile Court had exclusive jurisdiction of the cases.

On behalf of the State, it is asserted that the return of the indictments in the Criminal Court was not such an assumption of jurisdiction, on the facts, as to offend the provisions of the juvenile law.

The pertinent provisions of that law are as follows:

Code Section 10269 states that the juvenile law applies only to children who have not reached their seventeenth birthday.

Code Section 10275 gives the judge of the Juvenile Court original, exclusive jurisdiction of all cases coming within the purview of the law.

Code Section 10279 provides that any reputable person knowing of a dependent or delinquent child, may file with the Clerk of the Juvenile Court a petition in writing setting forth the facts; and subsequent sections provide for the issuance of summons and bringing of such child before the Juvenile Court for trial upon such a petition.

Section 10295 is as follows:

"10295. Delinquent child guilty of crime and found to be incorrigible, etc., shall be remanded to proper court for trial.—Any child who shall have committed a misdemeanor or felony, and who shall have been found by the court to be a delinquent child within the meaning of this title and committed hereunder, and who shall thereafter be found by the court to be incorrigible and incapable of reformation or dangerous to the welfare of the community may, in the discretion of the court, be remanded to the proper court of the county in which such crime was committed, and be tried for such crime, and if found guilty thereof, be subject to judgment therefor. in the same manner as if he had been seventeen years of age when such crime was committed."

Section 10297 directs the Juvenile Judge, after hearing, to dismiss all causes wherein he believes the child has been guilty of the crime of rape or murder in the first or second degree and assume no further jurisdiction thereof than to remand the child to the sheriff to be dealt with as provided in the criminal laws.

Section 10298 is as follows:

"10298. Arrested child shall be brought before juvenile court, or be transferred to it by other courts or officials; Notice; Continuation of trial.—When a child under

the age of seventeen years is arrested, with or without a warrant, or upon a *capias* or other process issued from any criminal court, such a child shall, instead of being taken before a justice of the peace or police magistrate, or instead of being held to bail or incarcerated for his appearance before any criminal court, be taken directly before such juvenile court; or if the child is taken before such justice of the peace or police magistrate or any other official or court having jurisdiction over his alleged offense, it shall be the duty of such justice of the peace or police magistrate or court of such other officials to transfer the case to the juvenile court, and the officer having the child in charge shall take the child before that court, and in any case the court shall proceed to hear and dispose of the case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be made as in other cases under this title, and may adjourn the hearing from time to time for this purpose.''

Strange to say, both counsel for the relators and the State rely upon the same excerpt from the opinion of this Court in *Sams* v. *State*, 133 Tenn. 188, at page 197, 180 S. W. 173, 175. There, the relator, under sixteen at the time of his arrest and indictment, filed a plea to the jurisdiction of the Criminal Court, setting forth such fact and that the jurisdiction to deal with him was not in that court but in the Juvenile Court. The State moved to strike the plea, which the Court granted. Thereupon, relator was tried and convicted and subsequently moved in arrest of judgment. The lower court overruled the motion. In this Court it was held that the action of the lower Court was erroneous and when it appeared that the defendant was under sixteen years of age, it should have

transferred the case to the Juvenile Court and that its failure to do so did not defeat the jurisdiction of the Juvenile Court and that the cause should be remanded and the relator turned over to the Juvenile Court. In concluding its opinion, the Court said:

"If the juvenile court, in its dealing with plaintiff in error, shall find him to be incorrigible and incapable of reformation or dangerous to the welfare of the community, he may, in its discretion, be remanded to the circuit court, and there be proceeded against and tried for the offense set out in the indictment in this cause, and, if found guilty of the offense, he may, by the circuit court, be subject to judgment therefor in the same manner as if he had been over the age of 16 years when the offense was committed. See section 9 of the act."

As stated, both counsel for the relators and the State rely upon the expressions in this excerpt to sustain their several contentions. As we view it, the Court was there merely giving a summary of the statute law.

Code Section 10298 confers original jurisdiction to arrest and indict in the Criminal Court and such arrest and indictment are not void, and the jurisdiction of the Criminal Court is subject to be restored in certain cases, to wit, if, after transfer to the Juvenile Court, the latter finds the delinquent child incorrigible. It thereupon becomes the duty of that Court "to remand" the case to the Criminal Court.

Code Section 11583 requires the Grand Jury to inquire into all indictable or presentable offenses and to present the same to the Court by presentment or indictment. There is no necessary conflict between this section and Code Section 10298. It is not always possible for the Criminal Court or its officers to know the age of a child when arrested or indicted. Provision had to be made for

their arrest and indictment in some cases before any inquiry into the age of the child could be had. It was not contemplated that these prior acts in the Criminal Court were to be considered void. Even if the Criminal Court found the child under seventeen years of age and accordingly transferred the case to the Juvenile Court, the judge of the Criminal Court knew that the jurisdiction of his court was subject to being restored and the case remanded if the Juvenile Court should subsequently find the child to be incorrigible.

In such cases, the Criminal Court having first assumed jurisdiction by arrest and indictment of the child, did not permanently lose jurisdiction of the case. Its jurisdiction was only suspended, subject to being reinstated on "remand" by the Juvenile Court. In this situation, the word "remand" means "to remit or send back a cause to the court from which it was removed, appealed, or transferred into another court, in order that some further action may be taken upon it in the original form." (54 C. J., p. 103)

As heretofore stated, when arraigned for trial in the Criminal Court in the remand from the Juvenile Court, neither defendant took any manner of exception to the validity of the indictments.

It results that the action of the Circuit Court in dismissing the petitions of relators is affirmed.

The costs will be severally taxed against relators and the sureties on their respective appeal bonds.