Louella Colvin Cooper SMITH, Appellant,

v.

Harvey Edward COOPER, Appellee.

No. 8378.

Court of Civil Appeals of Texas, Texarkana.

Sept. 7, 1976.

Charles M. Bleil, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a partition suit. The appellant, defendant and cross-plaintiff below, Louella Colvin Cooper Smith, was dissatisfied with the judgment below and has perfected an appeal. The judgment of the trial court is reversed and the case is remanded for a retrial.

I

Appellee, Harvey Edward Cooper, plaintiff below, in October 1974 instituted suit against his former wife, the appellant herein, in which he pled that the parties were divorced in May of 1972; that at the time of divorce they owned as a part of their

community estate two tracts of land, one of 4.28 acres and the other 4⅔ acres. The petition alleged that the divorce decree failed to make division of the real estate and that some disposition of it should be made, stating the purpose of the suit was to have disposition made of all community property in a fair and equitable manner. Prayer was for the court to divide the property of the parties in a fair and equitable manner and for other and further relief to which the plaintiff might be entitled.

Mrs. Smith's answer, material to this appeal, pled that lots described in Mr. Cooper's petition were owned by them as tenants in common, that she and the cross-defendant had been unable to agree on disposition and requested the court to partition the lots equally or in an equitable manner. Alternatively, she requested that the lots be sold and division of the proceeds made if the lots were found not susceptible of partition. Her prayer was for a division in kind or, alternatively, for sale and division of the proceeds, together with such other relief as she might show herself entitled to have.

■ Fairly construed, the pleadings of the parties state an action for a partition of the described lots and undescribed community property and for equitable relief incidental to partition. It is a general rule that all equities and conflicting claims existing between the parties and arising out of their relation to the property to be partitioned may be adjusted in the partition suit, subject to the limitation that equities cannot be adjusted which do not relate to the common property. 68 C.J.S. Partition §§ 134 and 135. The cited text suggests the scope and variety of incidental and equitable claims and adjustments that may be made.

## II

In the recitals preceding the decreed portion of the judgment, the court found that Mr. Cooper "should have as his separate property the . . . " two lots and Mrs. Smith should have an equitable interest therein. The judgment awarded Mr. Cooper the two lots and Mrs. Smith was "awarded an equitable interest" therein "in

the amount of $1,000.00." With reference to the two lots, it was also decreed that Mr. Cooper was "made liable for any indebtedness against the property . . . ." Partition was not ordered. Responding to a Tex.R.Civ.P. 296 request, the court made these findings of fact, to-wit:

"1. The Judgment of Divorce No. 030452, dated May 19, 1972, styled In The Matter Of The Marriage Of Harvey Edward Cooper and Louella Calvin Cooper did not describe the real property or any part thereof.

2. The Petitioner: Harvey Edward Cooper in this cause, as well as in Cause No. 030452 did not inform his attorney, Mr. John Greer of the real property.

3. Harvey Edward Cooper believed that he had title to the real property, as his own, in good faith.

4. Considering the equities involved, funds expended, the 1971 Ford paid for, Louella Calvin Cooper Smith has an equity in the property of $1,000.00."

■ At trial of the partition suits procedure was as though the action was an extension and continuation of the divorce suit as such suit related to community property. Both parties objected to the procedure when it appeared advantageous to do so. In a divorce suit a trial judge is empowered to divide the estate of the parties in a manner deemed just and right, having due regard for the rights of each party and any children of the marriage. Tex.Family Code Ann., Sec. 3.63. Thus, factors are considered that have no place in a partition suit. Also, the trial court's power to divide property and adjust equities arising out of the dissolution of a marriage relationship must be exercised in the divorce suit. *Kirkwood v. Domnan*, 80 Tex. 645, 16 S.W. 428 (1891). In the action underlying this appeal, Mr. Cooper alleged the land was not partitioned in the divorce decree and Mrs. Smith agree, alleging they were co-tenants. It is well settled that when a divorce is granted without a partition of the land accumulated during the marriage or disposition otherwise made of it in a division of the estate of the parties in the divorce

judgment, title to the land vests in the divorced parties as co-tenants. *Kirkwood v. Domnan,* supra; *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942); *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

### III

■ The action below should not have been tried as an extension of the divorce suit, though as the proof developed it became immaterial. Rather, it should have been tried for what it was, an action for partition and adjustment of equities incidental to partition of the common property. See *Thompson v. Whitfield,* 203 S.W.2d 268 (Tex.Civ.App. Texarkana 1947, writ ref'd n. r. e.); *Richardson v. Kuhlmyer,* 250 S.W.2d 355 (S.Ct.Mo.1952); *Palmer v. Protrka,* 257 Or. 23, 476 P.2d 185 (1970). In the Missouri case, the court said:

"The circuit court may exercise a wide latitude in the adjustment of equities among the parties to a partition suit. . . . The equities to be adjusted, however, must of necessity be those which have arisen from or are in some way connected with the real estate to be partitioned; they must be claims relating to the common property."

The Oregon Supreme Court said:

"We think that in the interest of orderly procedure a suit for partition of property should be limited to an adjustment of the interests of the parties as co-tenants and that the equities of the respective parties arising out of the marital relationship are not relevant in making an allocation of the interests in the property or its proceeds."

Though the three cases cited are not binding as precedents, they lay down a salutary rule that promotes diligence and orderly procedure.

### IV

■ Appellee Cooper argues in support of the partition decree that it was proven that there was an agreement between Mr. Cooper and Mrs. Smith at the time of the divorce that he was to have the lots in suit and she was to have an automobile, Mr. Cooper agreeing to pay all indebtedness against the land and automobile. The argument is understood to assert that a nonjudicial partition of community assets was actually made by the parties before divorce. Mr. Cooper did not plead such partition or division; as shown earlier, he pled that the real estate was not partitioned. Further, the findings of the trial judge are inconsistent with a prior division and do not establish a prior nonjudicial division or partition of the community estate.

### V

■ The rather unsatisfactory record in this appeal does not contain the judgment in the divorce suit. From the statements of the trial judge and counsel found in the Statement of Facts and the witnesses' testimony, it appears that the divorce judgment, which was final at the time of the trial of the partition suit, made a partial division of the community estate of the parties. The divorce judgment awarded the parties the property each had in possession, including an automobile to Mrs. Smith free and clear of indebtedness against it. As previously shown, the pleadings of both parties agree that the two lots in suit were not partitioned or disposed of in the divorce proceedings. Thus, the record shows as a matter of law the only property belonging to the community estate of the parties that was not divided at the time the partition suit was instituted is the two lots. Under well settled principles heretofore cited, title to these lots vested in the parties as co-tenants.

■ Mrs. Smith's first point of error will be sustained. The undisputed evidence is that Mrs. Smith is a co-tenant and as such entitled to partition. *Sayers v. Pyland,* 139 Tex. 57, 161 S.W.2d 769 (1942). Although statements in the briefs of the parties and the evidence in the record indicate that the lots are probably not susceptible of equal division because a house is located upon one of them, non-susceptibility was not proven conclusively. The trial court should have freedom in the conduct of a retrial to make

such findings as the evidence supports. 68 C.J.S. Partition §§ 124 and 125. The proper order in the case is reversal and remand without instructions. Therefore, it is ordered that the judgment of the trial court be reversed and the case remanded for a retrial.