James H. GOETZ, Appellant,

v.

Sybil GOETZ, Appellee.

No. 19404.

Court of Civil Appeals of Texas, Dallas.

June 13, 1978.

Rehearing Denied July 11, 1978.

Robert G. Bush, III, Sherman, for appellant.

Jack G. Kennedy, Kennedy, Minshew, Evans, Campbell & Cain, Sherman, for appellee.

ROBERTSON, Justice.

This case concerns the division of property owned by James H. Goetz, appellant, and Sybil Goetz, appellee, who were divorced in April, 1975. We previously reversed the original property division, *see Goetz v. Goetz,* 534 S.W.2d 716 (Tex.Civ.App.—Dallas 1976, no writ), remanded the case for a new trial. Upon trial to the court, a new division decree was rendered. Since we conclude that the trial court erroneously included certain property in its decree which was not subject to division, we modify the judgment in that regard. With respect to the remainder of the decree, we affirm.

The primary question on this appeal is whether the trial court abused its discretion in ordering the present property division. The resolution of that question hinges upon four basic issues: first, we must decide whether the trial court erroneously applied marital property law to the division on remand, rather than the rules applicable to partition between co-tenants; secondly, we must determine whether the trial court erred in ordering appellant to transfer certain bonds which were pledged as security for a loan; third, we must decide whether the trial court erred by including in its division certain property to be received by Goetz Oil Company, a corporation wholly owned by appellant, James H. Goetz; and finally, we must determine whether the

overall property division is so manifestly unjust as to amount to an abuse of discretion.

1. *Applicable Property Division Standards*

█ Appellant argues that the trial court erred in applying marital property law to the division of the property upon remand. He urges that since the original appeal of the case only challenged the trial court's property division, the case was not remanded as a divorce action, but rather as a suit for partition of property between co-tenants. To support this contention, he cites *Smith v. Cooper,* 541 S.W.2d 274 (Tex. Civ.App.—Texarkana 1976, no writ), which holds that an action to divide marital property after divorce is governed by the rules applicable to partition suits between co-tenants. However, *Smith* does not control the present case. In *Smith,* the suit for division of property was necessary because a prior final decree of divorce did not divide the parties' estate. Thus, *Smith* restates the settled rule that when a divorce judgment does not divide the estate of the parties, title to the property vests in the divorced parties as co-tenants. *See also Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942); *Kirkwood v. Domnan,* 80 Tex. 645, 16 S.W. 428 (1891). In the present case, however, the original divorce decree *did* dispose of the parties' property, but the decree did not become final in that respect because of the appeal and remand by this court. Our limited remand of the property division issue did not change the essential marital character of the dispute.[1] It remained a matter of division of the estate of the parties within section 3.63 of the Texas Family Code. Traditionally, appellate disposition of a case by "remand" has meant to send a cause back to the court from which it was appealed so that further proceedings may be taken upon it in its *original* form. *See Hadlock v. Cupp,* 1 Or.App. 62, 457 P.2d 666, 667 (1969); *State ex rel. Norfleet v. Swafford,* 184 Tenn. 340, 198 S.W.2d 1007, 1009 (1947). Therefore, we hold that the rule stated in *Smith v. Cooper, supra,* only

1. For the purpose of this discussion, we assume, without deciding, that the prior appeal of this case was only from the property division portion of the judgment.

applies to cases where one of the parties brings a *separate* suit for property division after divorce. It does not apply to cases where an appellate court has merely reversed and remanded a property division which was made in the divorce decree. Thus, the trial court properly applied marital property law to the property division in this case.

### 2. *The Bond Transfer*

█ Appellant next argues that the trial court lacked jurisdiction to award bonds to appellee because the bonds had been pledged as security for a loan made by a third party to J.H.G. Corporation. As we understand this contention, appellant urges that although the bonds were community property, the act of pledging the bonds as security operated to transfer title from the community to the pledgee. Consequently, appellant argues, the court lacked authority to order the transfer of the bonds. We cannot accept this argument. The pledging of the bonds as security for a loan did not transfer beneficial title to the pledgee; rather, appellant, as pledgor, retained title to the pledged property and only a security interest vested in the pledgee. *See Cecil v. Wise,* 109 S.W.2d 214 (Tex.Civ.App.—Eastland 1937, writ ref'd); *San Angelo Hilton Hotel Co. v. B. B. Hail Building Corp.,* 60 S.W.2d 1049 (Tex.Civ.App.—Austin 1933, no writ) (both cases decided under the law prior to the Uniform Commercial Code).[2] Since Tex.Bus. & Com.Code Ann., § 9.311 (Tex. UCC 1968) provides that a debtor's rights in the collateral may be "voluntarily or *involuntarily* transferred" by judicial process, we conclude that the trial court had authority to direct appellant to transfer title in the bonds to appellee. Of course, any title involuntarily transferred by judicial order would be subject to the security interest created by the pledge. Tex.Bus. & Com.Code Ann., § 9.306(b) (Tex. UCC 1968). This is because appellee, being a party to the suit in which the transfer is made, is not a "buyer in the ordinary course of business" who could take the collateral free of the security interest by virtue of a sale from a person in the business of selling these types of goods. *See* Tex.Bus. & Com. Code Ann., §§ 1.201(9), 9.307(a) (Tex. UCC 1968); *Apeco Corporation v. Bishop Mobile Homes, Inc.,* 506 S.W.2d 711, 718 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.).

### 3. *The Debt Owed to Goetz Oil Company*

█ In its decree, the trial court ordered appellant to pay appellee the sum of $36,000 in monthly installments of $1,500 each. According to the court, the $36,000 was to be paid from "the proceeds owing James H. Goetz by Quick-Fill of North Texas, Inc., evidenced by a lease option agreement dated September 26, 1975." However, the lease option agreement was not between appellant and Quick-Fill, but rather between Goetz Oil Company and Quick-Fill. It was not executed by appellant in his individual capacity; rather, it was signed in his capacity as president of Goetz Oil Company. Appellant urges that since the $36,000 was owed to the corporation rather than to him individually, the corporate income was not subject to division. Appellee argues, however, that appellant was the alter ego of Goetz Oil Company, and the corporate income was thus divisible. We cannot accept appellee's alter ego contention, for there is no evidence that the corporate entity was being used in that capacity. Generally, courts cannot disregard the corporate entity unless the corporation has been employed to defraud existing creditors, circumvent a statute, evade an existing obligation, protect crimes or perpetrate a monopoly. *Pace Corporation v. Jackson,* 155 Tex. 179, 284 S.W.2d 340 (1955); *Hicks v. Wright,* 564 S.W.2d 785, 796 (Tex.Civ. App.—Tyler 1978); *Hanson Southwest Corp. v. Dal-Mac Construction Co.,* 554 S.W.2d 712, 718 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.).

█ Although findings of fact and conclusions of law were filed in this case, there was no finding that appellant employed the corporate form of Goetz Oil Company for

---

**2.** These pre-code cases remain viable to the extent they are necessary to determine the location of title, which is unanswered by the Code. *See* Tex.Bus. & Com.Code Ann., § 1.103 (Tex. UCC 1968) (which preserves prior law except to the extent of conflict with the code).

an improper purpose or that he used it to deprive appellee of her community property rights. Such a finding cannot be implied under Rule 299 of the Texas Rules of Civil Procedure, for the evidence does not support such an implication. The only evidence adduced at trial was that appellant was the sole shareholder and president of Goetz Oil Company, and that there had been indiscriminate transfers of funds between appellant, J.H.G. Corporation, and Goetz Oil Company which were not properly documented in the corporate records. This evidence does not justify an implied finding of improper use of the corporate form to appellee's detriment. Sole ownership and control does not justify disregarding the corporate entity, see *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 224 (1943); *Evans v. General Ins. Co. of America,* 390 S.W.2d 818, 822 (Tex.Civ.App.—Dallas 1965, no writ), and even if undocumented fund transfers were made, there is no evidence that the transfers were made for an improper purpose, such as to defraud creditors or evade a statutory obligation.[3] This error does not require reversal, however, for the decree can be reformed to effectuate the trial court's intentions in ordering the payment. The properties covered by this lease-option agreement were community property,[4] and the $36,000 payment from the lease proceeds was apparently ordered to compensate for the court's awarding those properties to appellant in its decree.[5] While it is true that the trial court erred in ordering appellant to pay over corporate income, the decree can nevertheless be reformed by ordering an equivalent $36,000 payment in monthly installments of $1,500 each from non-specified sources and securing that payment with a lien on the properties leased to Goetz Oil Company and

awarded to appellant in the decree. Such a modification would effectuate the trial court's intent to make the $36,000 payment referable to items of community property awarded to appellant, and the imposition of an equitable lien to secure payment would be in accord with accepted practice. *See Mea v. Mea,* 464 S.W.2d 201 (Tex.Civ.App. —Tyler 1971, no writ); *Mozisek v. Mozisek,* 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd). Accordingly, we will modify the judgment in this respect.

### 4. *The Complete Division*

■ Finally, appellant argues that the overall property division ordered by the court is so manifestly unjust as to amount to an abuse of discretion. Before analyzing the division, however, we note that section 3.63 of the Family Code vests a trial court with broad discretion to divide the property of the parties in a manner which it deems "just and right." *Eichelberger v. Eichelberger,* 557 S.W.2d 587, 589 (Tex.Civ.App.— Waco 1977, writ dism'd); *Musslewhite v. Musslewhite,* 555 S.W.2d 894, 897 (Tex.Civ. App.—Tyler 1977, writ dism'd). Accordingly, appellant has the heavy burden here of a show that the trial court's division of property is not "just and right." *See Musslewhite v. Musslewhite, supra.*

■ It is apparent from the decree that appellant has a greater net estate after division than appellee. Nevertheless, he argues that the abuse of discretion did not occur in the division of values, but rather in awarding substantially all of the liquid assets (*e. g.,* stocks, bonds, and cash) to appellee, thus placing him in a position of genuine hardship because his principal occupation is the use of available funds in the buying and selling of property. We cannot accept this argument, for there is no evi-

**3.** This same rationale applies to the trial court's finding that J.H.G. Corporation was an "alter ego" of James H. Goetz. This error was rendered harmless by the trial court's failure to render any judgment affecting J.H.G. Corporation.

**4.** Although appellant testified that Goetz Oil Company made the payments on these properties, he also confirmed that title to the land was taken by the parties in their individual capaci-

ty. He further stated that Goetz Oil Company was wholly owned by his wife and himself at the time of the purchase.

**5.** The two tracts which are the subjects of the lease are not specifically mentioned in the decree; however, after specifying certain properties to be awarded to appellee, the court awarded "all of the remaining community property of the parties" to appellant. The unspecified tracts were awarded by this residuary section.

dence that appellant will suffer any hardship under this decree. He owns several items of personal property, as well as a substantial interest in an apartment complex, and there is no showing that these cannot be liquidated without undue hardship. Presumably, the trial court considered this before entering the decree, and we cannot say that the present division is an abuse of discretion.

We do not address the remaining points of error, for they deal with questions over which we have no appellate jurisdiction, namely, the trial court's power to hold appellant in contempt for disobeying its orders. If appellant is imprisoned for his disobedience, his sole remedy is by writ of habeas corpus. *Ex Parte Cardwell*, 416 S.W.2d 382 (Tex.1967); *Garrison v. Garrison*, 544 S.W.2d 797 (Tex.Civ.App.—Austin 1977, no writ).

Accordingly, the portion of the trial court's judgment which directs appellant to pay $36,000 from the proceeds of the lease agreement with Quick-Fill of North Texas, Inc., is modified to direct appellant to pay the cash sum of $36,000 in monthly installments of $1,500; and appellee is granted a lien against the properties covered by the lease to secure the payment of the $36,000. The remainder of the judgment is affirmed.