**Norma D. YORK, Appellant,**

v.

**F.R. YORK, Individually, et al., Appellees.**

No. 08–83–00107–CV.

Court of Appeals of Texas, El Paso.

May 30, 1984.

Rehearing Denied June 27, 1984.

John Hoestenbach, Cynthia Clack, Odessa, for appellant.

John E. Gunter, Rassman, Gunter & Boldrick, Midland, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Norma York filed this suit against her former husband seeking to recover her interest in a partnership which was not awarded to either party upon the granting of a divorce in 1975. The trial court awarded her one-half of the net revenue from an oil and gas lease being held in trust for her husband at the time of the divorce, but denied recovery based on jury findings as to the net revenues from subsequently acquired leases. The court awarded exemplary damages as found by the jury and also awarded attorney's fees. We affirm in part and reverse and render judgment in favor of Norma York.

Norma and F.R. York were married from 1953 until the divorce was granted on June 3, 1975. They entered into an agreement incident to divorce on May 23, 1975. The agreement provided:

In the event community assets are not specifically mentioned in this Agreement Incident to Divorce, then they shall, upon discovery by either party, be the joint and equal property of both, and shall be equally divided between them, either as to kind, if possible, or as to market value.

About four years after the divorce, Mrs. York learned that her former husband was a partner in the partnership of Harper and Lawless. She filed suit to recover her share of the profits of the partnership and sought an accounting of all profits and losses. Mr. York denied that he was a partner at the time of the divorce.

The evidence established that as a result of the assistance received from F.R. York in obtaining a favorable contract to sell gas from the Jones lease in Parker County, James G. Harper, Jr. and G.H. Lawless permitted F.R. York to buy a one-third interest in their partnership. Although the issues were disputed, the jury found that Lawless was holding in trust for York a one-third interest in the Jones lease prior to June 3, 1975. They also found York was a partner at the time of the divorce. Based upon a finding that the net revenue received by Mr. York from the Jones lease was $34,963.63, the trial court awarded one-half of that amount to Mrs. York, plus $5,000.00 which the jury awarded as exemplary damages for concealing information about the Jones lease. The court also ordered an accounting of all revenues since January 1, 1982, with one-half of such revenues to be paid to Mrs. York. The court also awarded $31,550.00 as attorney's fees for the trial and appeal of this case.

In addition, the jury found that after the divorce the partnership acquired and owned the Coleman lease in Frio County and the Cole lease in Howard County. Mr. York's

interest in these leases was later conveyed to Midas Energy Corporation which was owned by F.R. York. The jury found the net revenues from these leases to be as follows:

| | | | |
|---|---|---|---|
| Coleman lease | (-) | $ | 4,380.17 |
| Cole lease | | | $1,396,504.60 |

The jury also found the net revenue from five other partnership leases was $633,-744.49. The trial court disregarded the jury's answers to the issues on all leases except the Jones lease and entered judgment dividing the proceeds from that one lease.

Mrs. York contends in four points of error that the trial court erred in disregarding the jury findings on all the leases except the Jones lease and in failing to award her a one-half portion of the undivided community assets which she owned as a cotenant with her former husband in the other leases. In addition to his reply points asserting that Mrs. York was not entitled to any additional recovery, Mr. York contends in five counterpoints that the trial court erred in awarding his former wife any interest in the proceeds from the Jones lease, in awarding her an interest in the Jones lease and in awarding exemplary damages and attorney's fees. His basic contention is that there were no profits from the Jones lease at the time of the divorce, that he did not pay for his interest in the Jones lease until after the divorce, and that all the other leases were acquired after the divorce and that therefore his former wife was not entitled to any interest in any of the leases or partnership profits or assets.

■ There is no attack upon the answers to Special Issues 1 and 2 in which the jury found (1) that Lawless was holding in trust for York a one-third interest in the Jones lease prior to the divorce and (2) that York was a partner in the partnership at the time of the divorce. The trial court is required to enter judgment based upon the jury's verdict and may disregard a jury finding only if it has no support in the evidence. Rule 301, Tex.R.Civ.P. The court in rendering judgment may also disregard issues which are immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966); 4 McDonald, Texas Civil Practice sec. 17.31(c)(1971).

■ The evidence is sufficient to support the jury's answers to Special Issues 1 and 2. Mr. Lawless testified that F.R. York was made a partner in return for his assistance in obtaining a very favorable contract to sell the gas produced from the Jones lease. He actually paid for the interest out of his share of the proceeds from the sale of gas, but his interest was not paid for until July, 1976. The interest in the Jones lease was not actually assigned to Mr. York until 1978. When Mr. York was asked "what date did you consider yourself to become a partner in Harper & Lawless?" he replied:

> Well, I'm sorry, sir. I can't specifically say. I just say it was after the well was drilled and before it started producing in July, and I know it was after my divorce, because I wrote my ex-wife and told her this.

The documentary evidence established that the well started producing May 31, 1975, prior to the divorce. The partnership agreement which the parties signed on June 13, 1977, recited the partnership shall be deemed to have been created as of the first of January, 1975. An amendment to the articles of partnership signed by York, Lawless and Harper bears the same recital. The partnership tax return showed the date business was commenced as February, 1975. Schedule K–1 of the partnership return for 1976 shows the date York joined the partnership as "2/75."

■ Since Mr. York was a partner prior to the date of the divorce, the partnership interest was community property. Texas Uniform Partnership Act art. 6132b, sec. 28–A(2). *See: Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.—Dallas 1973, no writ) and *McKean v. Thompson*, 555 S.W.2d 136 (Tex.Civ.App.—Dallas 1977, no writ). Since that interest was not divided by the divorce decree, Mr. and Mrs. York each became owners of a one-sixth interest in the partnership after the divorce. Texas

Uniform Partnership Act art. 6132b, sec. 28–B(1)(A); W. Dyer, Community Property Rights and the Business Partnership, 57 Texas L.Rev. 1018 (1979). The interest owned is in the partnership and not in specific property owned by the partnership. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976).

 Based upon the jury's answers to Special Issues 3(a) and 4(a), the court properly awarded Mrs. York one-half of the net revenues from the Jones lease. Based upon the answers to Special Issues 3(b) and (c) and 5(a) and (b), the court should have awarded Mrs. York one-half of the net proceeds from the Coleman and Cole leases or $696,062.21. Mr. York did not request jury findings to establish any right for reimbursement for separate funds invested or personal services contributed to the partnership after the divorce and such claims have been waived. Rule 279, Tex.R.Civ.P. See: W. Dyer, Community Property Rights and the Business Partnership, supra. With regard to the jury finding as to the net revenue received by York from the other five leases, four of which had producing wells, there was no dispute that the partnership obtained those leases and Mrs. York was entitled to her one-half interest of the net proceeds which amounted to $316,872.24.

We sustain Appellant's Points of Error Nos. One, Two, Three and Four. We overrule Appellees' counterpoints One through Five. Judgment is rendered to award Mrs. York $696,062.21 from the net proceeds received from the Coleman and Cole leases and $316,872.24 from the other five leases and for an accounting of all profits and losses from those leases since January 1, 1982, and in all other respects the judgment of the trial court is affirmed.