Grover C. **GIBSON**, Appellant,

v.

Lehoma Joyce **GIBSON**, Appellee.

No. 2–04–106–CV.

Court of Appeals of Texas, Fort Worth.

March 30, 2006.

---

Robert D. Hoover and Earl R. Waddell, III, Fort Worth, for Appellant.

The King Firm, Heather L. King, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

This is an appeal from the trial court's property division in a divorce proceeding. In two points, appellant Grover C. Gibson contends that the trial court erroneously awarded appellee Lehoma Joyce Gibson property owned by a limited partnership in which appellant held a community property partnership interest and that the trial court denied him due course of law by delaying the final division of the marital estate until two years and eight months after trial. Because we conclude that the trial court's award of the partnership property to appellee constituted reversible error, we reverse and remand in part and affirm in part.

■ In his first point, appellant contends that the trial court abused its discretion by awarding appellee property owned by GCG Partners, L.P., a limited partnership that appellant and his son Glen formed for investment purposes. The evidence at trial showed that appellant owned a fifty-percent community property interest in the limited partnership[1] and Glen owned the other fifty-percent interest.

The partnership's assets consisted mainly of real property worth approximately $373,000 and $15,000 in cash and securities. In its final decree, the trial court awarded the following to appellee:

> With respect to the limited partnerships [sic] known as GCG Partners, L.L.P. [sic], [appellee] is awarded all of the community interest *including the partnership interest in the real estate* located at 5900 Lovell, Fort Worth, Texas, including but not limited to the note payable dated December 20, 1993, in the amount of $160,000.00 payable to [appellant] to the parties from GCG, all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of GCG Partners. [Emphasis supplied.]

Thus, the trial court's order purported to award appellee not only appellant's community property partnership interest in GCG Partners, but also an interest in specific partnership property. The trial court also ordered appellant to vacate the building at 5900 Lovell on or before January 9, 2004.

The limited partnership agreement of GCG Partners provides that "[a]ll property owned by the [p]artnership ... shall be deemed to be owned by the [p]artnership as an entity; and no [p]artner, individually, shall have ownership of such property." In addition, the Texas Revised Limited Partnership Act (TRLPA) provides that a partner has no interest in specific limited

---

1. Appellant's interest consisted of a one-percent interest as a general partner and a forty-nine percent interest as a limited partner.

partnership property.[2] Under both the limited partnership agreement and TRLPA, the community interest in GCG Partners was personal property.[3]

▇ A trial court may not award specific partnership assets to a nonpartner spouse.[4] Only a partner's partnership interest—the right to receive a share of the profits and surpluses from the partnership—is subject to division in a divorce proceeding.[5] Accordingly, the trial court abused its discretion by awarding GCG's partnership property to appellee.

▇ An error of law that causes the rendition of an improper judgment is reversible error.[6] Divesting a partnership that is not a party to a divorce proceeding of partnership property and awarding that property to a nonpartner spouse is reversible error.[7]

Because the trial court committed reversible error when it purported to award GCG's partnership property to appellee, we must reverse the trial court's judgment as to the property division and remand the case to the trial court to redivide the parties' community estate.[8] We affirm the portion of the judgment granting the parties a divorce.

▇

**2.** Tex.Rev.Civ. Stat. Ann. art. 6132a-1, § 7.01 (Vernon Supp.2005).

**3.** *Id.*

**4.** *See Lifshutz v. Lifshutz,* 61 S.W.3d 511, 518 (Tex.App.-San Antonio 2001, pet. denied).

**5.** *Young v. Young,* 168 S.W.3d 276, 287 (Tex. App.-Dallas 2005, no pet.).

**6.** *See* Tex.R.App. P. 44.1(a).

**7.** *See Siefkas v. Siefkas,* 902 S.W.2d 72, 79–80 (Tex.App.-El Paso 1995, no writ) (holding that trial court reversibly erred by dividing property that may have been owned by appellant's professional corporation, which was a separate legal entity and not a party to the proceedings); *cf. Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 142 (Tex.1977) (holding that divesting a spouse of separate property is reversible error); *Smith v. Smith,* 22 S.W.3d 140, 147 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (same). On rehearing, appellant argues for the first time that the trial court's erroneous order awarding the partnership property to appellee is void. Appellant cites no legal authority for this argument. *See* Tex.R.App. P. 38.1(h) (requiring appellate arguments to be supported by legal authority). A trial court's judgment is void only when the court rendering the judgment had no jurisdiction over the parties, no jurisdiction over the subject matter, no jurisdiction to render the judgment, or no capacity to act as a court. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). A judgment based on an erroneous holding of substantive law, including the award of partnership property to a nonpartner spouse in a divorce proceeding, merely renders the judgment voidable, not void. *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex. 2003).

**8.** In light of our holding, we need not consider appellant's second point, in which he complains that the trial court denied him due process of law by delaying the final division of the community estate for two years and eight months after trial. *See* Tex.R.App. P. 47.1.