

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00177-CV

GROVER C. GIBSON                                                    APPELLANT

V.

LEHOMA JOYCE GIBSON                                                  APPELLEE

----------

## FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Grover C. Gibson appeals from the divorce decree dividing the parties' marital estate and awarding attorney's fees to Appellee Lehoma Joyce Gibson. In one point, Grover complains that the trial court erred by awarding attorney's fees to Lehoma. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## I. Background

This is the second appeal relating to the parties' divorce. Grover and Lehoma were married in 1955, and Lehoma filed for divorce in 1998. The case proceeded to trial in September 2000. On May 26, 2003, the trial court issued a letter ruling setting forth its decision regarding the division of the marital property. The letter ruling provided that each party was to pay his or her own attorney's fees and court costs. The trial court entered a corrected final divorce decree on January 5, 2004, dividing the marital estate. The corrected decree also stated that each party was responsible for his or her own attorney's fees, expenses, and costs.

Grover appealed. This court affirmed the portion of the judgment granting the parties a divorce but reversed the trial court's judgment as to the property division because the final decree awarded to Lehoma specific partnership property owned by GCG Partners, L.P., a limited partnership in which Grover owned a fifty percent community property interest, rather than awarding her an interest in the partnership. *Gibson v. Gibson*, 190 S.W.3d 821, 822–23 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g). This court remanded the case to the trial court to redivide the parties' community estate. *Id.* at 823.

After remand, the trial court entered two orders sanctioning Grover for failing to respond to Lehoma's interrogatories and requests for production regarding Grover's current assets and liabilities. Each of these orders, one signed April 8, 2011, and the other signed September 16, 2011, ordered Grover

2

to pay $15,000.00 in attorney's fees to Lehoma's attorneys. Grover paid $30,000.00 in discovery sanctions pursuant to these orders.

On January 24, 2012, the case was called for trial. The trial court announced on the record that the parties had reached an agreement regarding the division of the marital property, but the parties had not reached an agreement regarding Lehoma's request for attorney's fees. Lehoma and Grover each testified that they agreed to divide the marital assets as set forth in the trial court's May 26, 2003 letter ruling. Attorneys for both Lehoma and Grover testified regarding the reasonable and necessary attorney's fees incurred by their respective clients. The trial court approved the agreement of the parties regarding the division of the marital assets and adopted the May 26, 2003 letter ruling as the rendition of the court with respect to the marital assets but delayed its ruling on attorney's fees.

The trial court signed the final divorce decree on April 5, 2012. In addition to dividing the marital property in accordance with the parties' agreement, the order awarded Lehoma $92,867.00 in attorney's fees and $27,500.00 in conditional appellate attorney's fees. The trial court issued findings of fact and conclusions of law, finding that the division of the marital assets in accordance with the May 26, 2003 letter ruling agreed to by the parties was a just and right division of the marital estate. The trial court further found that Grover failed to produce any evidence of his current assets and liabilities and that "the effect of [Grover's] actions after the credit for the $30,000.00 he paid pursuant to

3

discovery sanction orders was to deplete [Lehoma's] assets awarded to her on May 26, 2003 by the costs she incurred in this litigation." The court also found that Lehoma incurred $92,867.00 in reasonable and necessary attorney's fees and expenses after March 26, 2003 and that Lehoma should be awarded judgment against Grover for these fees as a result of Grover's conduct and as a just and right division of the marital estate as well as under chapter 9 of the Texas Family Code. The trial court additionally found that $27,500.00 were reasonable and necessary appellate attorney's fees.

## II. Analysis

In his only point on appeal, Grover complains the trial court erred by awarding attorney's fees to Lehoma. Grover argues that the trial court had no authority to award attorney's fees as part of a just and right division of the community estate because the property was divided by an agreement of the parties rather than the court. Grover further argues that the trial court was not authorized to award attorney's fees to Lehoma under family code sections 9.014 or 9.205 because the proceeding after remand was not a post-divorce proceeding. *See* Tex. Fam. Code Ann. §§ 9.014, 9.205 (West Supp. 2013).

In its conclusions of law, the trial court concluded that it had the authority to award Lehoma attorney's fees as part of the division of the parties' estate and as an equitable division or, in the alternative, under chapter 9 of the family code. We agree with Grover's argument that neither section 9.014 nor section 9.205 is applicable in this case. Section 9.014 permits a trial court to award reasonable

4

attorney's fees in a proceeding to enforce a divorce decree, while section 9.205 allows a trial court to award reasonable attorney's fees in a proceeding to divide property previously undivided in a divorce decree. *See id.* The original divorce decree in this case disposed of the parties' property, but the decree did not become final as to the property division because of Grover's appeal and remand by this court. *See Goetz v. Goetz*, 567 S.W.2d 892, 894 (Tex. Civ. App.—Dallas 1978, no writ). As in *Goetz*, "[o]ur limited remand of the property division issue did not change the essential marital character of the dispute." *Id.* The dispute remained a matter of disposition of the marital estate, not a matter of disposition of undivided property or the enforcement of a decree. *See id.*; *see also O'Carolan v. Hopper*, 414 S.W.3d 288, 313 (Tex. App.—Austin 2013, no pet.) (op. on reh'g); *Wilson v. Wilson*, 44 S.W.3d 597, 599–600 (Tex. App.—Fort Worth 2001, no pet.). Therefore, application of marital-property law was required. *See O'Carolan*, 414 S.W.3d at 313; *Wilson*, 44 S.W.3d at 599–600; *Goetz*, 567 S.W.2d at 895.

In a divorce proceeding, a trial court is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2006); *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.). While there is no statute specifically authorizing an award of attorney's fees in a divorce proceeding, a trial court may consider reasonable attorney's fees, along with the parties' circumstances and needs, in effecting a just and right division of the

5

estate. *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied); *see also Tedder v. Gardner Aldrich, LLP*, 56 Tex. Sup. Ct. J. 557, 2013 WL 2150081, at *3–4 (May 17, 2013). The trial court has the equitable power to award either spouse attorney's fees as a part of the just and right division of the marital estate. *Mandell*, 310 S.W.3d at 541.

Grover concedes that the trial court may award attorney's fees as part of its just and right division of the parties' marital estate, but he maintains that the trial court could not award attorney's fees as a just and right division in this case because the division of the community estate was not in controversy and was divided by agreement. Grover does not cite nor have we found any legal authority to support this contention. Because the trial court has equitable power to award either spouse attorney's fees as a part of the just and right division of the marital estate, we conclude the trial court did not err by awarding attorney's fees to Lehoma. Accordingly, we overrule Grover's sole point.

### III. Conclusion

Having overruled Grover's only point, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  January 23, 2014