05-15-01304-CV

ACCEPTED
05-15-01304-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
10/28/2015 4:04:10 PM
LISA MATZ
CLERK

No. _____

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
10/28/2015 4:04:10 PM
LISA MATZ
Clerk

# IN THE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS AT DALLAS

# IN RE GEARBOX SOFTWARE LLC,

*Relator.*

# PETITION FOR WRIT OF MANDAMUS

Michael E. Schonberg
State Bar No. 00784927
J. Michael Heinlen
State Bar No. 24032287
Richard B. Phillips, Jr.
State Bar No. 24032833
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1700

COUNSEL FOR RELATOR
GEARBOX SOFTWARE LLC

ORAL ARGUMENT REQUESTED

# List of Parties and Counsel

| Relator | Counsel |
|---|---|
| Gearbox Software LLC | Michael E. Schonberg<br>J. Michael Heinlen<br>Richard B. Phillips, Jr.<br>Thompson & Knight LLP<br>1722 Routh Street, Suite 1500<br>Dallas, Texas 75201 |

| Respondent | Counsel |
|---|---|
| Hon. Emily A. Miskel<br>470th District Court<br>Collin County Courthouse<br>2100 Bloomdale Road,<br>   Suite 20146<br>McKinney, Texas 75071 | unknown |

| Real Parties in Interest | Counsel |
|---|---|
| Meghan M. Martel<br>Petitioner | Kathryn J. Murphy<br>Clint Westhoff<br>Goranson Bain, PLLC<br>6900 N. Dallas Parkway, Suite 400<br>Plano, Texas 75024 |
| Brian D. Martel<br>Respondent | Mike McCurley<br>Jimmy L. Verner, Jr.<br>Ashley McDowell<br>VernerBrumleyMcCurley<br>   MuellerParker PC<br>4311 Oak Lawn Avenue, Suite 450<br>Dallas, Texas 75219 |

# TABLE OF CONTENTS

Page

List of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . viii

Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Mandamus Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1. Mandamus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        2. Trade-Secret Privilege . . . . . . . . . . . . . . . . . . . . . . 5

    B. Gearbox established (and the trial court
       implicitly found) that the requested documents
       contain trade secrets. . . . . . . . . . . . . . . . . . . . . . . . . 7

    C. The trial court abused its discretion by ordering
       Gearbox to produce trade-secret documents that
       are not necessary for a fair adjudication of the
       case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1. The only economic interest Mr. Martel has that is subject to division as community property is his alleged right to receive future distributions from Gearbox, which does not require access to—or analysis of—any trade secrets.. . . . . . . . . . . . . . . 10

2. Mrs. Martel already possesses the information necessary to determine the value of the future interest at issue, and Gearbox's trade secrets are neither required nor proper. . . . . . . . . . . . . . . . . . . . 15

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . 20

Verification . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . 22

Appendices and Record (separately bound and filed)

A — Motion to Compel – Gearbox Software, LLC. . . . . . . . . . Tab A

B — Subpoena to Compel Production of Documents and Tangible Things . . . . . . . . . . . . . . . . . . . . Tab B

C — Gearbox Software, L.L.C.'s Objections and Responses to Subpoena to Compel Production of Documents and Tangible Things . . . . . . . . . . . . . . . . . Tab C

D — Gearbox Software, L.L.C.'s Response to Meghan M. Martel's Motion to Compel and Request for Protective Order . . . . . . . . . . . . . . . . . . Tab D

E — Affidavit of Stephen Bahl . . . . . . . . . . . . . . . . . Tab E

F — Privilege Log . . . . . . . . . . . . . . . . . . . . . . . . Tab F

G — Order in *Putnam v. Gearbox Software, LLC*,
   Cause No. DC–11–06044, District Court of
   Dallas County, 116th Judicial District (July 19,
   2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab G

H — Meghan Martel's Brief in Support of Motions to
   Compel (filed under seal) . . . . . . . . . . . . . . . . Tab H

I — Transcript of Hearing on Motion to Compel
   (Sept. 28, 2015) . . . . . . . . . . . . . . . . . . . . . . Tab I

J — Order on Motion to Compel . . . . . . . . . . . . . . . . Tab J

# Table of Authorities

Page

## Cases

*Gibson v. Gibson*,
   190 S.W.3d 821 (Tex. App.—Fort Worth 2006, no pet.) . . . . . . . . .  11

*In re Bridgestone/Firestone, Inc.*,
   106 S.W.3d 730 (Tex. 2003) . . . . . . . . . . . . . . . . . . .  6, 7, 10, 14

*In re Cont'l Gen. Tire, Inc.*,
   979 S.W.2d 609 (Tex. 1998) . . . . . . . . . . . . . . . . . .  6, 7, 14

*In re CSX Corp.*,
   124 S.W.3d 149 (Tex. 2003) . . . . . . . . . . . . . . . . . . . . . . 5

*In re Deere & Co.*,
   299 S.W.3d 819 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . 5

*In re Graco Children's Prods., Inc.*,
    210 S.W.3d 598 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . 5

*In re Valero Ref.–Tex., LP*,
   415 S.W.3d 567 (Tex. App.—Houston [1st Dist.]
   2013, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

*In re Valero Refining–Tex., L.P.*,
   No. 01–14–149–CV, 2014 WL 4115917 (Tex. App—Houston
   [1st Dist.] Aug. 21, 2014, orig. proceeding) (mem. op.) . . . .  14, 15, 17, 18

*K Mart Corp. v. Sanderson*,
   937 S.W.2d 429 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . 5

*Lifshutz v. Lifshutz*,
   61 S.W.3d 511 (Tex. App.—San Antonio 2001, pet. denied) . . . . . . . 12

*Marshall v. Marshall*,
   735 S.W.2d 587 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) . . . . . . . 11

*Texaco, Inc. v. Sanderson*,
    898 S.W.2d 813 (Tex. 1995) . . . . . . . . . . . . . . . . . . . 5

*York v. York*,
    678 S.W.2d 110 (Tex. App.—El Paso 1984, writ ref'd n.r.e.). . . . . 12, 13

## Statutes

Tex. Bus. Org. Code § 1.002(54) . . . . . . . . . . . . . . . . . . 11

Tex. Bus. Org. Code § 101.106 . . . . . . . . . . . . . . . . . 11, 16

Tex. Bus. Org. Code § 101.106(a-2) . . . . . . . . . . . . . . . 13

Tex. Bus. Org. Code § 101.1115(a)(1) . . . . . . . . . . . . . . 12

Tex. Bus. Org. Code § 152.101 . . . . . . . . . . . . . . . . . . 11

Tex. Bus. Org. Code § 152.406(a)(1). . . . . . . . . . . . . . . 13

Tex. Civ. Prac. & Rem. Code § 134A.002(6) . . . . . . . . . . . 5-6, 8, 9

Tex. Gov't Code § 22.221(b) . . . . . . . . . . . . . . . . . . . vii

## Rules

Tex. R. App. P. 52.7(a) . . . . . . . . . . . . . . . . . . . . . ix

Tex. R. Evid. 507 . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 9

## STATEMENT OF THE CASE

The underlying case is a divorce proceeding between two individuals in the 470th Judicial District Court of Collin County, Texas, Cause No. 470–52347–2015, styled *In the Matter of the Marriage of Meghan M. Martel and Brian D. Martel and in the interest of L.C.M, A.R.M., N.J.M., and K.D.M., Children*. Relator Gearbox Software LLC is a Texas limited-liability company that received from Petitioner Meghan Martel a subpoena to produce documents. The Respondent is the Honorable Emily M. Miskel, presiding judge of the 470th Judicial District Court. The trial court entered an order compelling production of financial documents that include confidential trade-secret information that is not necessary for a fair adjudication of the underlying divorce case, in which Gearbox is not a party. Accordingly, Gearbox seeks a writ of mandamus vacating the trial court's order.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this mandamus petition under section 22.221(b) of the Texas Government Code, which states that each court of appeals may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district court in the court of appeals' district. Tex. Gov't Code § 22.221(b).

# STATEMENT REGARDING ORAL ARGUMENT

Gearbox suggests that the Court will benefit from the opportunity to question counsel at oral argument about whether a trial court can compel a non-party to produce trade-secret information that is not necessary for a fair adjudication of any of the claims at issue in this case.

# Issue

In the underlying divorce proceeding, Mrs. Martel has asked for a share of her husband's alleged interest in Gearbox. No valuation of Gearbox is necessary to adjudicate this claim. The trial court can grant Mrs. Martel's request by simply awarding her a percentage (within the range of 0% to 100%) of whatever interest her husband may own, without forcing a third-party Texas company to compile and produce its trade secrets. **The issue is whether the trial court abused its discretion by ordering non-party Gearbox to compile and produce trade-secret information that is not necessary for a fair adjudication of the case.**

# Mandamus Record

Per the usual procedure, Gearbox has compiled and submitted the mandamus record that it believes is pertinent to this proceeding. *See* Tex. R. App. P. 52.7(a). The mandamus record is separately filed as the appendix to this petition. One item in the mandamus record was sealed by the trial court and has been separately filed under seal in this Court.

## STATEMENT OF FACTS

The following uncontested facts are relevant to this petition.

1. Gearbox is a closely held Texas limited-liability company headquartered in Frisco, Texas. It is in the business of developing and publishing interactive software (*i.e.*, video games). (App. Tab D at 1.)

2. At the time of the hearing on the Motion to Compel in this matter, Mr. Martel (the respondent in the underlying divorce proceeding) was a member of Gearbox. (App. Tab A at 1.)

3. Mrs. Martel is the petitioner in the underlying divorce proceeding and she alleges a right to some share of Mr. Martel's alleged interest in Gearbox, claiming it is community property. (App. Tab A at 3.)

4. It is uncontested that Mrs. Martel possesses more than 15 years' worth of documents sufficient to calculate the amounts of Mr. Martel's prior distributions from Gearbox. (App. Tab H at 2.)

5. Gearbox is not a party to the underlying divorce proceeding. (App. Tab A at 1.)

6. Although she already possesses documents sufficient to determine the amounts of Mr. Martel's prior distributions, Mrs. Martel served a subpoena on Gearbox demanding the production of confidential financial information

that Gearbox protects as trade secrets. Mrs. Martel contends this information is necessary to determine the value of her community-property interest in Mr. Martel's alleged membership interest in Gearbox. (App. Tab B.)

7. Gearbox timely served its response and objections to the subpoena. (App. Tab C.) Gearbox did not produce any documents because, as stated in its objections, the document requests: (a) seek production of trade-secret information protected from discovery under Texas Rule of Evidence 507; (b) are unduly burdensome; and (c) seek information that is neither relevant to any issues in dispute nor reasonably calculated to lead to the discovery of admissible evidence. (*Id.*)

8. In response, Mrs. Martel filed a motion to compel Gearbox to produce the documents. (App. Tab A.)

9. Gearbox filed a thorough response to Mrs. Martel's motion, which included a privilege log and the affidavit of Stephen Bahl, Gearbox's Chief Financial Officer. (App. Tabs D, E, F.)

10. Bahl's affidavit explains that Gearbox guards the documents at issue as trade secrets and that it would be costly and burdensome for Gearbox to comply with the requests. (App. Tab E.)

11. The court held a hearing on Mrs. Martel's motion to compel on September 28. (App. Tab I.)

12. At the hearing, Mrs. Martel did not present any argument or evidence opposing Gearbox's argument that she is demanding the production of trade-secret information. Rather, she offered evidence through David Fuller, her own valuation analyst, who testified that he needed the information "to complete an evaluation of the company and the Martels' interest in the company." (App. Tab I at 27.)

13. Based on a finding that "[t]he discovery of requested Gearbox Software, LLC, financial and valuation information is necessary to the fair adjudication of the case," the trial court entered an order on October 27 compelling Gearbox "to produce all documents set forth in the Subpoena to Compel Production of Documents" within seven days. (App. Tab J at 2, 3.) Thus, Gearbox's production is due on November 3, 2015.[1]

## Summary of the Arguments

Mrs. Martel seeks to improperly entangle a Texas company in her personal divorce proceeding. She does not dispute that she is seeking

---

[1]    Gearbox has also filed an Emergency Motion for Stay of Discovery Deadline, asking this Court to stay the production deadline while the Court considers this mandamus petition.

corporate trade secrets from a third party with no stake in the divorce action. She simply insists that the trade secrets are somehow necessary to determine the future interest her husband may have had in prospective distributions from his former company.

In opposition to the motion to compel, Gearbox presented uncontroverted evidence that it carefully guards the requested documents as trade secrets. Trade secrets are privileged from production under Texas Rule of Evidence 507. If a party requesting trade-secret documents cannot show the documents are in fact necessary for a fair adjudication of the case, it is an abuse of discretion to compel their production. Mrs. Martel failed to establish that the trade-secret documents she seeks are necessary for a fair adjudication of her case. The trial court can fairly divide Mr. Martel's alleged interest either by partitioning some or all of that interest and its rights to future proceeds to Mrs. Martel or by assessing its monetary value based on the voluminous income information that Mrs. Martel already has in her possession. Because neither of these methods requires access to—or production of—Gearbox's trade-secret financial documents, the trial court abused its discretion by ordering their unnecessary production.

# Arguments

## A. Legal Standards

### 1. Mandamus

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (per curiam). The scope of discovery generally is "within the trial court's discretion, but the trial court must make an effort to impose reasonable discovery limits." *Id.* (quoting *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam)). A trial court abuses its discretion if it orders discovery exceeding the scope permitted by the rules. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (per curiam); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam).

### 2. Trade-Secret Privilege

Under the Texas Uniform Trade Secret Act, a trade secret is:

> information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that: (A) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Tex. Civ. Prac. & Rem. Code § 134A.002(6).

Texas law protects trade secrets from discovery by giving their owners a privilege "to refuse to disclose and to prevent other persons from disclosing [them]." Tex. R. Evid. 507. Once a trade secret is shown, the party requesting its disclosure has a burden to prove that the information is "necessary or essential to the fair adjudication of the case." *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 731–34 (Tex. 2003) (citing *In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 610-13 (Tex. 1998)). This has been described as a "heightened burden" that requires showing more than that the information is relevant to the suit. *In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d at 613–14. "[The] party seeking such information cannot merely assert unfairness but must demonstrate with specificity exactly how the lack of information will impair the presentation of the case on the merits to the point that an unjust result is a real, rather than a merely possible, threat." *In re Bridgestone/Firestone, Inc.*, 106 S.W.3d at 733.

Compelling disclosure of trade secrets without requiring the requesting party to carry its burden undermines both the purpose of the Texas Uniform Trade Secret Act and Texas companies' abilities to do business. Therefore, a trial court abuses its discretion if it orders disclosure of trade secrets when

the requesting party has not carried its burden to show that the information is necessary for a fair adjudication of its claim. *In re Bridgestone/Firestone*, 106 S.W.3d at 734; *In re Cont'l Tire*, 979 S.W.2d at 615.

## B. Gearbox established (and the trial court implicitly found) that the requested documents contain trade secrets.

As set forth in the affidavit from Gearbox's CFO, Mrs. Martel seeks confidential financial documents and records that Gearbox carefully guards as trade secrets. (App. Tab E at 2). The subpoena demands production of a litany of lettered items that contain Gearbox trade-secret information. By way of example, some of the requests are: (a) board records and meeting minutes; (b) all shareholder agreements; (d) financial statements from 2010 to the present; (e, f) all documents showing wages, salaries, benefits, or payments to shareholders; (i) tax returns from 2010 to the present; (j) all budgets and projected budgets; (l) sales records from 2010 to the present; (o) records of expense payments from 2010 to the present; (p) an aging of accounts receivable for the past year; (q) documents showing the value of fixed assets; (r) documents showing estimated capital expenditures and depreciation; (s) "significant contracts" with anyone; (t) documents showing intangible assets; (u) documents related to patent and trademark applications; (v) all leases to which Gearbox is a party; (w) all notes payable

and security agreements; (y) documents related to pension plans; (z) documents related to pending or threatened litigation; and (aa) documents related to contingent liabilities. (App. Tab B at 3–5; App. Tab E at 2.) These are precisely the types of documents that the Texas Uniform Trade Secret Act protects. *See* Tex. Civ. Prac. & Rem. Code § 134A.002(6) (defining "trade secret" to include, among other things, "financial data").

The Bahl affidavit also enumerates the numerous safeguards that Gearbox has set in place to ensure that this information is maintained in secrecy. (App. Tab E at 2–3.) For instance, the documents at issue are all preserved in password-protected computers. Gearbox's offices are protected by security features including security keys and video cameras. Visitors are required to sign confidentiality agreements before they are allowed access to Gearbox offices or work areas. Gearbox educates each of its employees on the importance of secrecy and discretion in connection with its business information. Gearbox limits access to its confidential information to those who absolutely have a need to see it, and it requires such people to enter into confidentiality agreements before allowing them access to the information. None of these points was disputed or refuted by Mrs. Martel.

Subjecting this confidential corporate information to disclosure would undermine Gearbox's ability to do business. (App. Tab E at 3.) The release of Gearbox's confidential financial information would substantially jeopardize Gearbox's competitive position in the marketplace by educating its competitors. Its leverage position in dealings with potential competitors, vendors, publishers, bankers—and, frankly, any other third parties in the competitive gaming industry—would be automatically and irreversibly injured. In short, the Gearbox documents at issue contain "financial data" that is the "subject of efforts that are reasonable under the circumstances to maintain its secrecy" and that "derives…economic value…from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from [their] disclosure or use." Tex. Civ. Prac. & Rem. Code § 134A.002(6) (defining "trade secret").

Mrs. Martel did not dispute Gearbox's arguments or evidence regarding the trade-secret status of the requested documents in the trial court. Accordingly, the uncontroverted evidence established that they are protected from disclosure by Evidence Rule 507. Moreover, by ordering production after finding (erroneously, as discussed below) that the documents are necessary to a fair adjudication of the divorce case, the trial

court implicitly found that the documents contain trade secrets. *See In re Bridgestone/Firestone*, 106 S.W.3d at 732-34 (holding that trade secrets are subject to discovery only if they are necessary or essential to a fair adjudication of the case).

## C. The trial court abused its discretion by ordering Gearbox to produce trade-secret documents that are not necessary for a fair adjudication of the case.

The trial court ordered Gearbox to produce its trade-secret documents based upon a mistaken—and wholly unsupported—argument that the financial information they contain is necessary for a fair adjudication of the divorce case. As explained below, this unfounded conclusion was an abuse of discretion.

### 1. The only economic interest Mr. Martel has that is subject to division as community property is his alleged right to receive future distributions from Gearbox, which does not require access to—or analysis of—any trade secrets.

Mrs. Martel's right to a share of Mr. Martel's alleged interest in Gearbox is exceedingly limited. The law on this point is clear. If Mrs. Martel is entitled to anything, she is entitled only to a partitioned share of Mr. Martel's "membership interest" in Gearbox so long at the membership interest exists. And by statutory definition, Mr. Martel's membership interest would have included his "share of profits and losses or similar items

and the right to receive distributions." Tex. Bus. Org. Code § 1.002(54). It does *not* include a right to participate in management. *Id.* Nor does it give him an ownership interest in Gearbox's assets. *See id.* at § 101.106 ("A member of a limited liability company or an assignee of a membership interest in a limited liability company *does not have an interest* in any specific property of the company." (emphasis added).)

Simply stated, Mrs. Martel has no possible legal interest in Gearbox's corporate property. Her only interest, if any, would have been limited in the same way that Texas law limited her husband's interest: a narrow interest in the company's future distributions of profits or surpluses, if any. *See Marshall v. Marshall*, 735 S.W.2d 587, 594 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (holding, based on analogous partnership law,[2] that "[a] partner's partnership interest, the right to receive his share of the profits and surpluses from the business, is the only property right a partner has that is subject to a community or separate property characterization").[3] Thus, if the

---

2   *See* Tex. Bus. Org. Code § 152.101 ("Partnership property is not property of the partners. A partner or a partner's spouse does not have an interest in partnership property.").

3   *See also Gibson v. Gibson*, 190 S.W.3d 821, 823 (Tex. App.—Fort Worth 2006, no pet.) ("A trial court may not award specific partnership assets to a nonpartner spouse. **Only a partner's partnership interest—the right to receive a share of the profits and surpluses from the partnership—is subject to**

trial court believes that Mrs. Martel has a cognizable interest in something Mr. Martel possessed, the court can award her some percentage of whatever he possessed. No trade secrets are required from Gearbox in order to bestow this outcome upon Mrs. Martel.

Indeed, Texas law provides a simple, fair, and expedient way for courts to divide a member's share of his or her business interest on divorce. The Texas Business Organizations Code states: "[O]n the divorce of a member, the member's spouse, to the extent of the spouse's membership interest, if any, **is an assignee of the membership interest**." Tex. Bus. Org. Code § 101.1115(a)(1) (emphasis added). Thus, if a court determines that a spouse—like Mrs. Martel—is entitled to a share of a business interest as part of the division of community property in a divorce, the court may award the spouse an interest in future "profits and surpluses" (*i.e.*, distributions), if any.

The El Paso Court of Appeals applied this rule in *York v. York*, 678 S.W.2d 110, 112–13 (Tex. App.—El Paso 1984, writ ref'd n.r.e.). In that case,

---

**division in a divorce proceeding**.") (emphasis added); *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 518 (Tex. App.—San Antonio 2001, pet. denied) ("[A] trial court may not award specific partnership assets to the non-partner spouse in the event of a divorce. The trial court may only award the spouse an interest in the partnership.") (internal citations and quotations omitted).

the divorcing husband owned a one-third interest in the partnership at issue.[4]

Without assessing the value of the husband's partnership interest, the court

held that the wife obtained a one-sixth interest in the partnership, which

entitled her to one-half of whatever future distributions the husband would

receive from the partnership going forward. *Id.*

Like the court in *York*, the trial court here should simply enter an order

partitioning Mr. Martel's membership interest and assigning Mrs. Martel a

percentage interest in whatever distributions her (former) husband receives

from Gearbox. Such an order would provide Mrs. Martel with a share in the

only interest that is subject to a community-property division.[5]

Dividing Mr. Martel's alleged partnership interest in this way is

compatible with governing Texas law on both divorces and trade secrets: It

does not require the trial court to determine the uncertain monetary value of

---

[4]    Again, the law governing partnerships is analogous to the law governing limited-liability companies on this issue. *See* Tex. Bus. Org. Code § 152.406(a)(1) ("[O]n the divorce of a partner, the partner's spouse, to the extent of the spouse's partnership interest, if any, is a transferee of the partnership interest.").

[5]    It would not, however, give Mrs. Martel the right to participate in the management or conduct of Gearbox's business. *See* Tex. Bus. Org. Code § 101.106(a-2) ("A member's right to participate in the management and conduct of the business of the limited liability company is not community property.")

a future interest, and it respects the fact that a Texas company's trade-secret financial documents have no place in a marital squabble.[6]

Because the trial court can allocate the interest Mrs. Martel wishes to divide without "valuing" it, Gearbox's trade-secret financial records are not "necessary or essential to the fair adjudication of the case." *In re Bridgestone/Firestone*, 106 S.W.3d at 732. Mrs. Martel therefore failed to meet her heightened burden of showing that the records are more than simply "relevant" to the suit. *In re Cont'l Gen. Tire*, 979 S.W.2d at 613–14. Thus, the trial court abused its discretion by ordering Gearbox to produce what wasn't necessary. *See In re Valero Refining–Tex., L.P.*, No. 01–14–00149–CV, 2014 WL 4115917, at *7–8 (Tex. App—Houston [1st Dist.] Aug. 21, 2014, orig. proceeding) (mem. op.) (holding trial court abused its discretion in ordering production of trade-secret documents that were not necessary for a fair adjudication of the case).

---

[6] Recall that the only reason Mrs. Martel wants the records is that her expert, David Fuller, allegedly needs them to prepare an improper valuation opinion of the Gearbox "assets." Neither of the Martels has a cognizable interest in the company's "assets." Only the corporation does, and those assets remain protected from trespass by individual divorcees.

### 2. Mrs. Martel already possesses the information necessary to determine the value of the future interest at issue, and Gearbox's trade secrets are neither required nor proper.

Even if Mrs. Martel were required to present evidence of the monetary value of Mr. Martel's membership interest (and she is not), she has all of the information necessary to claim her share of every interest she wishes to litigate with her former husband, and she does not need Gearbox's trade secrets. Mrs. Martel has prefect clarity into every penny that her husband ever received as a result of his interest in Gearbox distributions. Since Mr. Martel's alleged divisible interest in Gearbox is limited to his right to receive distributions from the company, the information regarding past distributions can be used to determine the fair-market value of any membership interest. Indeed, Mrs. Martel's own expert testified that historic income can be used to determine value. (App. Tab I at 29); *see also, e.g.*, *In re Valero Ref.–Tex.*, 2014 WL 4115917, at *8 (recognizing income approach as a valid method for determining the fair-market value of property). It bears repeating that no Gearbox trade secrets are needed to make this determination.

For two reasons, Mrs. Martel's expert was incorrect when he testified that he would need more than the records of Gearbox's past distributions to determine the value of Mr. Martel's alleged interest. *First*, he led with the

incorrect premise that he must offer an opinion about the overarching value *of* Gearbox in order for a judge to allocate an individual's interest *in* Gearbox. (*See* App. Tab I at 27 (Fuller testifying that he needed Gearbox's financial records "to complete **an evaluation of the company** and the Martels' interest in the company") (emphasis added).) Gearbox's value as a Texas company in the global marketplace is not relevant to the narrow question of the percentage of her husband's future interest that Mrs. Martel should get, if any.

The only thing that's arguably relevant is the value of Mr. Martel's alleged interest in Gearbox, which is not the same as Gearbox's value. *See* Tex. Bus. Org. Code § 101.106 ("A member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company.")

*Second*, Fuller wrongly assumes that he needs more data to render an opinion than the law requires. As he noted, at least three methods can be used to assess value: an income approach, a market approach, and an asset approach. Valuations based on these methods are based on different sets of data. A valuation using the market approach, for example, is based upon comparisons of the business at issue with comparable companies. (App. Tab

I at 29–30.) The asset approach requires analysis of the company's balance sheets. (App. Tab I at 30.) And the income approach is based on the company's earnings. (App. Tab I at 29.) Fuller's mistake is in assuming that he cannot render a valuation opinion without considering data relevant to *each* of those approaches. (*See* App. Tab I at 28–30, 39–42.)

*In re Valero Refining–Texas*, 2014 WL 4115917, is instructive in this regard. In that case, the Harris County Appraisal District (HCAD) requested discovery of financial data related to Valero's refinery business, including financial statements and operating business information. *Id.* at *1. Valero objected that the discovery requests sought information protected by the trade-secret privilege in Evidence Rule 507. HCAD moved to compel production, arguing—like Mrs. Martel argues here—that its expert needed information relevant to *all three* valuation methods to render an accurate appraisal of the property at issue. *Id.* at 7–8. The trial court agreed and compelled production.

On mandamus review, the First Court of Appeals recognized that an ideal appraisal would consider all three appraisal methods, but held that an ideal appraisal was "not <u>necessary</u> because HCAD [could] complete an accurate appraisal without it." *Id.* at *8 (emphasis in original). And because

an "ideal" appraisal was not necessary, the court further held that HCAD "failed to meet its burden of demonstrating that the trade-secret information [at issue was] necessary and not merely relevant." *Id.* Thus, the trial court abused its discretion, and the court of appeals directed it to vacate the order compelling production of the trade-secret documents. *Id.* at *9.

Here, Fuller is not required to present an appraisal of Gearbox at all because the Court could apportion the interest Mr. Martel still has, if any. Even if an appraisal were needed, as in *In re Valero Texas–Refining*, an "ideal" appraisal is unnecessary because an accurate appraisal will be sufficient. And Fuller can present an accurate appraisal of Mr. Martel's alleged membership interest in Gearbox using an income approach based upon Gearbox's past distributions to Mr. Martel, which is information that Mrs. Martel already possesses. This is entirely consistent with Fuller's testimony that a partnership's distributions are evidence of income.

And while he stated that he would need more information regarding Gearbox's "overall earnings" to determine *Gearbox's* value, Gearbox's value is not relevant or necessary to divide the community property estate. The historical distributions made to Mr. Martel offer sufficient evidence to assess

the value of Mr. Martel's alleged remaining interest in Gearbox—his alleged right to receive future distributions, which is the only relevant value at issue.

Finally, the trial court's protective order is not capable of curing this error. (*See* App. Tab J at 5-6.) As the First Court of Appeals held in another case involving Valero, a protective order limiting who can view confidential financial information "does not ensure that release of the information will not violate the trade secret privilege." *In re Valero Ref.–Tex., LP*, 415 S.W.3d 567, 572 (Tex. App.—Houston [1st Dist.] 2013, no pet.). "Moreover, the ability of a protective order to limit harm from the disclosure of trade secrets is only a factor if the trade secrets are necessary and must be disclosed." *Id.*

In sum, the trial court can readily award Mrs. Martel a percentage share of Mr. Martel's alleged interest by either: (1) awarding her a percentage of her husband's alleged interest in future distributions; or (2) assessing Mr. Martel's interest based upon past distributions made to him, the details of which Mrs. Martel already possesses. Neither of these methods requires production or evaluation of Gearbox's trade-secret financial documents. Because Gearbox's trade secrets are not necessary for a fair adjudication of the allocation at issue, the trial court abused its discretion by compelling Gearbox to produce them.

## Conclusion and Prayer

The trial court abused its discretion by compelling Gearbox to produce its trade-secret documents that are not necessary for a fair adjudication of the case. The order undermines the protections afforded by Texas law to Texas companies' trade secrets. Gearbox respectfully requests that the Court correct this ruling by issuing a writ of mandamus compelling the trial judge to vacate that order. Gearbox further requests general relief.

Respectfully submitted,

By: /s/Michael S. Schonberg
    Michael E. Schonberg
     State Bar No. 00784927
    J. Michael Heinlen
     State Bar No. 24032287
    Richard B. Phillips, Jr.
     State Bar No. 24032833

THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1700
Fax: (214) 969-1751
michael.schonberg@tklaw.com
michael.heinlen@tklaw.com

**Counsel for Relator
Gearbox Software LLC**

# Verification

STATE OF TEXAS         §
                       §

COUNTY OF DALLAS    §

Before me, the undersigned authority, on this date personally appeared Michael E. Schonberg, who was duly sworn, and stated that:

(1) he is one of the lawyers for Relator Gearbox Software LLC; and

(2) after reviewing the petition for writ of mandamus, he believes every factual statement in the petition is supported by competent evidence included in the appendix and record.

_____
Michael E. Schonberg

Subscribed and Sworn to Before Me on the 28th Day of October, 2015.

_____
Notary Public, State of Texas

Louellen J. Stephenson
Printed Name of Notary

My Commission expires:



Louellen Jean Stephenson
Notary Public
State of Texas
My Comm. Exp. 01-04-2016

## CERTIFICATE OF COMPLIANCE

This petition was prepared using Microsoft Word 2010 in Equity font. The font size in the text is 14-point. The font size in the footnotes is 13-point. This brief contains 4,194 words, not counting the sections excluded by Tex. R. App. P. 9.4(i)(1).

/s/ Richard B. Phillips, Jr.
Richard B. Phillips, Jr.

## CERTIFICATE OF SERVICE

On October 28, 2015, a copy of this Petition for Writ of Mandamus was served on counsel for the Real Parties in Interest by electronic service. A copy was sent by Federal Express to the respondent judge.

/s/ Richard B. Phillips, Jr.
Richard B. Phillips, Jr.